Thiago M. Coelho, SBN 324715
thiago@wilshirelawfirm.com
Binyamin I. Manoucheri, SBN 336468
binyamin@wilshirelawfirm.com
**WILSHIRE LAW FIRM**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiff Jovany Barba*
*and Proposed Class*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOVANY BARBA, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>THE KIND SAGE LLC d/b/a SAGE VEGAN BISTRO, a California limited liability company; and DOES 1 to 10, inclusive,<br><br>    Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br>1. VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181<br>2. VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT<br>**DEMAND FOR JURY TRIAL** |

   Plaintiff Jovany Barba (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, brings this action based upon personal knowledge as to himself and his own acts, and as to all other matters upon information and belief, based upon, *inter alia*, the investigations of his attorneys.

1

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

## NATURE OF THE ACTION

1.      Plaintiff is a visually impaired and legally blind person who requires screen-reading software to read website content using his computer and to interact with mobile applications on his electronic device(s).  Plaintiff uses the terms "blind" or "visually impaired" to refer to all people with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200.  Some blind people who meet this definition have limited vision. Others have no vision.

2.      Plaintiff, individually and on behalf of those similarly situated persons (hereafter "Class Members"), brings this Class Action to secure redress against Defendant THE KIND SAGE LLC d/b/a SAGE VEGAN BISTRO, a California limited liability company (hereinafter "Defendant") and DOES 1-10, for its failure to design, construct, maintain, and operate its website to be fully and equally accessible to and independently usable by Plaintiff and other blind or visually impaired individuals.  Defendant's denial of full and equal access to its website, and therefore denial of its products and services offered thereby and in conjunction with its physical locations, is a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act").

3.      Further, Plaintiff, individually and on behalf of Class Members, brings this action against Defendant for failing to design, construct, maintain, and operate its mobile application, (hereinafter "Mobile App" or "Mobile Application"), to be fully accessible to, and independently usable by Plaintiff and other blind or visually impaired individuals.  Defendant's denial of full and equal access to its Mobile App also denies Plaintiff the products and services which Defendant offers in conjunction with its physical locations.  Accordingly, Defendant is in violation of Plaintiff's rights under the ADA and the Unruh Act.

4.      Because Defendant's website, https://www.sageveganbistro.com/, (the "website" or "Defendant's website"), is not fully or equally accessible to blind

2

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

and visually impaired consumers, resulting in violation of the ADA, Plaintiff seeks a permanent injunction to cause a change in Defendant's corporate policies, practices, and procedures so that Defendant's website will become and remain accessible to blind and visually impaired consumers.

5.     Moreover, Defendant's Mobile App, a separate portal of access to Defendant's products and services which it offers in conjunction with its corresponding places of public accommodation, 42 U.S.C. § 12181(7), is not fully or equally accessible to blind and visually impaired consumers in violation of the ADA.   Therefore, Plaintiff seeks a permanent injunction to cause a change in Defendant's corporate policies, practices, and procedures so that Defendant's Mobile App also becomes and remains accessible to blind and visually impaired consumers.

## THE PARTIES

6.     Plaintiff, at all times relevant and as alleged herein, is a resident of California, County of Los Angeles.  Plaintiff is a legally blind, visually impaired handicapped person, and member of a protected class of individuals under the ADA, pursuant to 42 U.S.C. § 12102(1)-(2), and the regulations implementing the ADA set forth at 28 CFR §§ 36.101, *et seq*.

7.     Defendant is a California limited liability company, with its headquarters in Los Angeles, California.  Defendant's servers for the website are in the United States.  Defendant conducts a large amount of its business in California, and the United States as a whole.  These restaurants constitute places of public accommodation.  Defendant's restaurants provide to the public important goods and services.  Defendant's website and Mobile App provide consumers with access to a vegetarian menu and in-house brewery that uses "the highest quality," "locally sourced," "organic," and "pesticide free" produce.   Consumers can access information regarding Defendant's menus, catering options, brewery, careers, Defendant's loyalty rewards program, Defendant's merchandise store, Defendant's

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

3

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  delivery options, email sign up, career opportunities, Defendant's social media, and
2  much more.

3      8.      Plaintiff is unaware of the true names, identities, and capacities of
4  Defendants sued herein as DOES 1 to 10.  Plaintiff will seek leave to amend this
5  complaint to allege the true names and capacities of DOES 1 to 10 if and when
6  ascertained.  Plaintiff is informed and believes, and thereupon alleges, that each
7  Defendant sued herein as a DOE is legally responsible in some manner for the
8  events and happenings alleged herein and that each Defendant sued herein as a DOE
9  proximately caused injuries and damages to Plaintiff as set forth below.

10     9.      Defendant's restaurants are public accommodations within the
11  definition of Title III of the ADA, 42 U.S.C. § 12181(7).

12     10.     The website, https://www.sageveganbistro.com/, and Mobile App, are
13  a service, privilege, or advantage of Defendant's services, products, and locations.

14                        **JURISDICTION AND VENUE**

15     11.     This Court has subject matter jurisdiction over the state law claims
16  alleged in this Complaint pursuant to the Class Action Fairness Act, 28 U.S.C.
17  §1332(d)(2)(A) because: (a) the matter in controversy exceeds the sum of $5
18  million, exclusive of interest and costs; and (b) some of the class members are
19  citizens of a state that is different from the state of citizenship of Defendant.

20     12.     Defendant is subject to personal jurisdiction in this District. Defendant
21  has been and is committing the acts or omissions alleged herein in the Central
22  District of California that caused injury, and violated rights prescribed by the ADA
23  and Unruh Act, to Plaintiff and to other blind and other visually impaired
24  consumers.  A substantial part of the acts and omissions giving rise to Plaintiff's
25  claims occurred in the Central District of California.  Specifically, on several
26  separate occasions, Plaintiff has been denied the full use and enjoyment of the
27  facilities, goods and services of Defendant's website and Mobile App in Los
28  Angeles County.  The access barriers Plaintiff has encountered on Defendant's

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

4

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

website and Mobile App have caused a denial of Plaintiff's full and equal access multiple times in the past and now deter Plaintiff on a regular basis from accessing Defendant's website and Mobile App. Similarly, the access barriers Plaintiff has encountered on Defendant's website and Mobile App have impeded Plaintiff's full and equal enjoyment of goods and services offered at Defendant's physical locations.

13.    This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181, *et seq*.

14.    This Court has personal jurisdiction over Defendant because it conducts and continues to conduct a substantial and significant amount of business in the State of California, County of Los Angeles, and because Defendant's offending website and Mobile App is available across California.

15.    Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District, Defendant conducts and continues to conduct a substantial and significant amount of business in this District, Defendant is subject to personal jurisdiction in this District, and a substantial portion of the conduct complained of herein occurred in this District.

16.    Defendant owns, operates and maintains brick-and-mortar restaurant locations in the State of California. Defendant's restaurants offer goods and services to the public.  Defendant also offers goods and services that are offered in Defendant's places of public accommodations to the public through the website and Mobile App.  Defendant's brick-and-mortar restaurant locations, website and Mobile App are integrated and are public accommodations pursuant to 42 U.S.C. § 12181(7).

**THE AMERICANS WITH DISABILITIES ACT AND THE INTERNET**

17.    The Internet has become a significant source of information, a portal, and a tool for conducting business, doing everyday activities such as shopping,

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

learning, banking, researching, as well as many other activities for sighted, blind and visually impaired persons alike.

18.     In today's tech-savvy world, blind and visually impaired people have the ability to access websites and mobile applications using keyboards in conjunction with screen access software that vocalizes the visual information found on a computer, laptop, tablet or phone screen.  This technology is known as screen-reading software.  Screen-reading software is currently the only method a blind or visually impaired person may independently access the internet.  Unless websites and mobile applications are designed to be read by screen-reading software, blind and visually impaired persons are unable to fully access websites or mobile applications, and the information, products, and services contained thereon.

19.     Blind and visually impaired users of Windows operating system-enabled computers and devices have several screen-reading software programs available to them.  Some of these programs are available for purchase and other programs are available without the user having to purchase the program separately.  Job Access With Speech, otherwise known as "JAWS," is currently the most popular, separately purchased and downloaded screen-reading software program available for a Windows computer.

20.     For Apple based products, such as laptops and iPhones, the screen-reader called "VoiceOver" is built into the operating system.  Akin to JAWS, VoiceOver converts text to speech.

21.     For screen-reading software to function, the information on a website must be capable of being rendered into text.  If the website or mobile application content is not capable of being rendered into text, the blind or visually impaired user is unable to access the same content available to sighted users.

22.     The international website standards organization, the World Wide Web Consortium, known throughout the world as W3C, has published Success Criteria for version 2.1 of the Web Content Accessibility Guidelines ("WCAG 2.1"

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

6

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

hereinafter).   WCAG 2.1 are well-established guidelines for making websites accessible to blind and visually impaired people.   These guidelines are adopted, implemented and followed by most large business entities who want to ensure their websites and mobile applications are accessible to users of screen-reading software programs.   Though WCAG 2.1 has not been formally adopted as the standard for making websites accessible, it is one of, if not the most, valuable resource for companies to operate, maintain, and provide a website that is accessible under the ADA to the public.

23.     Likewise, a similar resource for mobile applications is WCAG2ICT, which applies WCAG 2.0 to non-web information and communication technologies. WCAG 2.0 is a normative web standard.   WCAG2ICT provides guidance on the application of WCAG 2.0 principles, guidelines, and success criteria to non-web documents and software.   WCAG2ICT was developed to provide an authoritative interpretation of how WCAG 2.0 can apply in different contexts to mobile applications.   WCAG2ICT is a valuable resource for companies to operate, maintain, and provide to ensure that a mobile application is accessible under the ADA to the public.

24.     Within this context, the Ninth Circuit has recognized the viability of ADA claims against commercial website owners/operators with regard to the accessibility of such websites.   *Robles v. Domino's Pizza, LLC*, Docket No. 17-55504 (9th Cir. Apr 13, 2017), Court Docket No. BL-66. This is in addition to the numerous courts that already recognized such application.

25.     Each of Defendant's violations of the Americans with Disabilities Act is likewise a violation of the Unruh Civil Rights Act.  Indeed, the Unruh Civil Rights Act provides that any violation of the ADA constitutes a violation of the Unruh Civil Rights Act. Cal. Civ. Code, § 51(f).

26.     Further, Defendant's actions and inactions denied Plaintiff full and equal access to their accommodations, facilities, and services.   A substantial

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

7

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

motivating reason for Defendant to deny Plaintiff access was the perception of Plaintiff's disability.   Defendant's denial of Plaintiff's accessibility was a substantial motivating reason for Defendant's conduct.   Plaintiff was harmed due to Defendant's conduct.  Defendant's actions and inactions were a substantial factor in causing the lack of access to Plaintiff. Unruh Civil Rights Act. Cal. Civ. Code, § 51.

27.   Inaccessible or otherwise non-compliant websites and mobile applications pose significant access barriers to blind and visually impaired persons. Common barriers encountered by blind and visually impaired persons include, but are not limited to, the following:

a. A text equivalent for every non-text element is not provided;

b. Title frames with text are not provided for identification and navigation;

c. Equivalent text is not provided when using scripts;

d. Forms with the same information and functionality as for sighted persons are not provided;

e. Information about the meaning and structure of content is not conveyed by more than the visual presentation of content;

f. Text cannot be resized without assistive technology up to 200 percent without loss of content or functionality;

g. If the content enforces a time limit, the user is not able to extend, adjust or disable it;

h. Web pages do not have titles that describe the topic or purpose;

i. The purpose of each link cannot be determined from the link text alone or from the link text and its programmatically determined link context;

j. One or more keyboard operable user interface lacks a mode of operation where the keyboard focus indicator is discernible;

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

8

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

k.  The default human language of each web page cannot be programmatically determined;

l.  When a component receives focus, it may initiate a change in context;

m. Changing the setting of a user interface component may automatically cause a change of context where the user has not been advised before using the component;

n.  Labels or instructions are not provided when content requires user input;

o.  In content which is implemented by using markup languages, elements do not have complete start and end tags, elements are not nested according to their specifications, elements may contain duplicate attributes and/or any IDs are not unique;

p.  Inaccessible Portable Document Format (PDFs); and

q.  The name and role of all User Interface elements cannot be programmatically determined; items that can be set by the user cannot be programmatically set; and/or notification of changes to these items is not available to user agents, including assistive technology.

## FACTUAL BACKGROUND

28.    Defendant offers the website, https://www.sageveganbistro.com/, and Mobile App, to the public.  The website and mobile application offer features which should allow all consumers to access the goods and services which Defendant offers in connection with its physical locations.   The goods and services offered by Defendant include, but are not limited to the following: Lunch and Dinner menu items such as cauliflower wings, smashed avocado toast, miso rainbow bowl, and festival burrito; brunch menu items such as chilquiles, the all American scramble, chia French toast, cornbread jalapeno pancakes, fresh berry granola bowl, acai

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

bowl, and wild blueberry pancakes; and merchandise such as gift cards, a Sage hooded sweatshirt, a Sage water bottle, a Sage mug, organic cotton blanket, and a variety of packaged creamers and lattes .  Consumers can further access information regarding Defendant's menus, catering options, brewery, careers, Defendant's loyalty rewards program, Defendant's merchandise store, Defendant's delivery options, an email sign up, career opportunities, Defendant's social media, and much more.

29.    Based on information and belief, it is Defendant's policy and practice to deny Plaintiff and Class Members, along with other blind or visually impaired users, access to Defendant's website and Mobile App, and therefore to specifically deny the goods and services that are offered and integrated with Defendant's restaurants.  Due to Defendant's failure and refusal to remove access barriers on its website and Mobile App, Plaintiff and other visually impaired persons have been and are still being denied equal and full access to Defendant's restaurants and the numerous goods, services, and benefits offered to the public through Defendant's website and Mobile App.

**DEFENDANT'S BARRIERS ON UNRUH CIVIL RIGHTS ACT, CAL. CIV. CODE, § 51(F) DENY PLAINTIFF AND CLASS MEMBERS ACCESS**

30.    Plaintiff is a visually impaired and legally blind person, who cannot use a computer, laptop, tablet or smartphone without the assistance of screen-reading software.  Fortunately, Plaintiff is a proficient user of screen-reading software to access the internet, including the likes of the JAWS screen-reader program, as well as Mac's VoiceOver.  Plaintiff has visited https://www.sageveganbistro.com/ on several separate occasions using the JAWS and/or VoiceOver screen-readers.

31.    During Plaintiff's numerous visits to Defendant's website and Mobile App, Plaintiff encountered multiple access barriers which denied Plaintiff full and equal access to the facilities, goods, and services offered to the public and made

10

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

available to the public on Defendant's website and Mobile App and their prior iterations.  Due to the widespread access barriers Plaintiff and Class Members encountered on Defendant's website and Mobile App, Plaintiff and Class Members have been deterred, on a regular basis, from accessing Defendant's website and Mobile App.

32.    While attempting to navigate Defendant's website, Plaintiff and Class Members encountered multiple accessibility barriers for blind or visually impaired people that include, but are not limited to, the following:

a.  Lack of Alternative Text ("alt-text"), or a text equivalent. Alt-text is invisible code embedded beneath a graphic or image on a website that is read to a user by a screen-reader. For graphics or images to be fully accessible for screen-reader users, it requires that alt-text be coded with each graphic or image so that screen-reading software can speak the alt-text to describe the graphic or image where a sighted user would just see the graphic or image. Alt-text does not change the visual presentation, but instead a text box shows when the cursor hovers over the graphic or image. The lack of alt-text on graphics and images prevents screen-readers from accurately vocalizing a description of the image or graphic;

b.  Empty Links that contain No Text causing the function or purpose of the link to not be presented to the user. This can introduce confusion for keyboard and screen-reader users;

c.  Redundant Links where adjacent links go to the same URL address which results in additional navigation and repetition for keyboard and screen-reader users; and

d.  Linked Images missing alt-text, which causes problems if an image within a link does not contain any descriptive text and that image does not have alt-text. A screen reader then has no content to

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

11

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

present the user as to the function of the link, including information or links for and contained in PDFs.

33.     Recently in 2022, Plaintiff attempted to do business with Defendant on Defendant's website and Mobile App and Plaintiff encountered barriers to access.

34.     Despite past and recent attempts to do business with Defendant on its website and Mobile App, the numerous access barriers contained on the website and Mobile App and encountered by Plaintiff have denied Plaintiff full and equal access through Defendant's website and Mobile App.  Plaintiff and Class Members, as a result of the barriers on Defendant's website and Mobile App continue to be deterred on a regular basis from accessing Defendant's website and Mobile App.  Likewise, based on the numerous access barriers Plaintiff and Class Members have been deterred and impeded from the full and equal enjoyment of goods and services offered in Defendant's restaurants and from making purchases at such physical locations.

## DEFENDANT'S WEBSITE AND MOBILE APP HAVE SUFFICIENT NEXUS TO DEFENDANT'S PHYSICAL LOCATIONS TO SUBJECT THE WEBSITE AND MOBILE APP TO THE REQUIREMENTS OF THE AMERICANS WITH DISABILITIES ACT

35.     In the Ninth Circuit a denial of equal access to a website can support an ADA claim if the denial has prevented or impeded a visually impaired plaintiff from equal access to, or enjoyment of, the goods and services offered at the defendant's physical facilities.  *See Martinez v. San Diego County Credit Union*, 50 Cal. App. 5th, 1048, 1063 (2020) (citing *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905-06 (9th Cir. 2019).

36.     Defendant's website and Mobile App are subject to the ADA because the goods and services that Defendant offers on the website and Mobile App can be found at Defendant's physical locations.  Thus, since the website and Mobile App

12

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

"facilitate[s] access to the goods and services of a place of public accommodation", the website and Mobile App fall within the protection of the ADA because the website and Mobile App "connects customers to the goods and services of [Defendant's] physical" restaurants. *Id.* at 905.

37.    Defendant's website is replete with barriers, including but not limited to links that do not interface with user's screen reader, which impede Plaintiff from accessing the goods and services of Defendant's website.  For example, Plaintiff could not properly access the website's links at the top of the main page because the links were not readable by Plaintiff's screen reader.  Consequently, Plaintiff was unable to navigate the menu.  If Defendant had sufficiently coded the links on its website to be readable and editable by Plaintiff's screen-reader, Plaintiff would have been able to interact with these elements and have been able to fully access Defendant's website as a sighted person could.

38.    Defendant's Mobile App is replete with barriers, including but not limited to, buttons that do not interface with user's screen reader, which impede Plaintiff from accessing the goods and services of Defendant's Mobile App.  For example, Plaintiff was unable to complete a purchase because the shopping cart button was not set up to interface with Plaintiff's mobile screen reader. Consequently, Plaintiff was unable to access any of the features of Defendant's Mobile App that required access to the shopping cart.  If Defendant had sufficiently coded the buttons on its Mobile App to be readable and editable by Plaintiff's screen-reader, Plaintiff would have been able to interact with these elements and have been able to fully access Defendant's Mobile App as a sighted person should.

39.    Accordingly, Plaintiff was denied the ability to browse services and/or purchase a product, because Defendant failed to have the proper procedures in place to ensure that content uploaded to the website and Mobile App contained the proper coding to convey the meaning and structure of the website and Mobile App and the goods and services provided by Defendant.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## DEFENDANT MUST REMOVE BARRIERS TO ITS WEBSITE AND MOBILE APP

40.     Due to the inaccessibility of the Defendant's website and Mobile App, blind and visually impaired customers such as the Plaintiff, who need screen-readers, cannot fully and equally use or enjoy the facilities and services the Defendant offers to the public on its website and Mobile App.  The access barriers the Plaintiff encountered have caused a denial of Plaintiff's full and equal access in the past and now deter Plaintiff on a regular basis from accessing the website and Mobile App.

41.     These access barriers on Defendant's website and Mobile App have deterred Plaintiff from enjoying the goods and services of Defendant's brick-and-mortar restaurants which are offered through Defendant's website and Mobile App in a full and equal manner to sighted individuals.  Plaintiff and Class Members did intend to visit the Defendant's location(s) in the near future had Plaintiff and Class Members been able to access Defendant's website and Mobile App fully and equally as a sighted person can.

42.     If the website and Mobile App were equally accessible to all, Plaintiff and Class Members could independently navigate the website and Mobile App and complete a desired transaction, as sighted individuals do.

43.     Plaintiff, through Plaintiff's attempts to use the website and Mobile App, has actual knowledge of the access barriers that make these services inaccessible and independently unusable by blind and visually impaired people.

44.     Because simple compliance with WCAG 2.1, with the guidance of WCAG2ICT, would provide Plaintiff and Class Members, who are visually impaired consumers, with equal access to the website and Mobile App, Plaintiff and Class Members allege that Defendant engaged in acts of intentional discrimination, including, but not limited to, the following policies or practices: constructing and maintaining a website and Mobile App that are inaccessible to visually impaired

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

individuals, including Plaintiff and Class Members; failing to construct and maintain a website and Mobile App that are sufficiently intuitive so as to be equally accessible to visually impaired individuals, including Plaintiff and Class Members; and failing to take actions to correct these access barriers in the face of substantial harm and discrimination to blind and visually impaired consumers, such as Plaintiff and Class Members, as a member of a protected class.

45.    The Defendant uses standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination against others, as alleged herein.

46.    The ADA expressly contemplates the injunctive relief that Plaintiff seeks in this action. In relevant part, the ADA requires:

> In the case of violations of … this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities …. Where appropriate, injunctive relief shall also include requiring the … modification of a policy ….  42 U.S.C. § 12188(a)(2).

47.    Because Defendant's website and Mobile App have never been equally accessible and because Defendant lacks a corporate policy that is reasonably calculated to cause the Defendant's website and Mobile App to become and remain accessible, Plaintiff invokes 42 U.S.C. § 12188(a)(2) and seeks a permanent injunction requiring the Defendant to retain a qualified consultant acceptable to Plaintiff to assist Defendant to comply with WCAG 2.1 and WCAG2ICT guidelines for Defendant's website and Mobile App.  The website and Mobile App must be accessible for individuals with disabilities who use desktop computers, laptops, tablets, and smartphones.  Plaintiff and Class Members seek that this permanent injunction require Defendant to cooperate with the agreed-upon consultant to: train Defendant's employees and agents who develop the website on accessibility compliance under the WCAG 2.1 and WCAG2ICT guidelines; regularly check the accessibility of the website and Mobile App under the WCAG 2.1 and WCAG2ICT

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

15

guidelines; regularly test user accessibility by blind or vision-impaired persons to ensure that the Defendant's website and Mobile App comply under the WCAG 2.1 and WCAG2ICT guidelines; and develop an accessibility policy that is clearly disclosed on the Defendant's website and Mobile App. The above provides contact information for users to report accessibility-related problems and requires that any third-party vendors who participate on the Defendant's website and Mobile App to be fully accessible to the disabled by conforming with WCAG 2.1.

48. If Defendant's website and Mobile App were accessible, Plaintiff and Class Members could independently access information about the services offered and goods available for online purchase.

49. Although Defendant may currently have centralized policies regarding maintaining and operating Defendant's website and Mobile App, Defendant lacks a plan and policy reasonably calculated to make Defendant's website and Mobile App fully and equally accessible to, and independently usable by, blind and other visually impaired consumers.

50. Defendant has, upon information and belief, invested substantial sums in developing and maintaining Defendant's website and Mobile App and Defendant has generated significant revenue from Defendant's website and Mobile App. These amounts are far greater than the associated cost of making Defendant's website and Mobile App equally accessible to visually impaired customers.

51. Without injunctive relief, Plaintiff and Class Members will continue to be unable to independently use Defendant's website and/or Mobile App resulting in a violation of their rights.

## CLASS ACTION ALLEGATIONS

52. Plaintiff, on behalf of himself and all others similarly situated, seeks to certify a nationwide class under Fed. R. Civ. P. 23(a) and 23(b)(2) (b)(3), the Nationwide class is initially defined as follows:

all legally blind individuals who have attempted to access Defendant's

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

16

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

website or Mobile App by the use of a screen reading software during the applicable limitations period up to and including final judgment in this action.

53. The <u>California class</u> is initially defined as follows:
all legally blind individuals in the State of California who have attempted to access Defendant's website or Mobile App by the use of a screen reading software during the applicable limitations period up to and including final judgment in this action.

54. Excluded from each of the above Classes is Defendant, including any entity in which Defendant has a controlling interest, is a parent or subsidiary, or which is controlled by Defendant, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Defendant.  Also excluded are the judge and the court personnel in this case and any members of their immediate families.  Plaintiff reserves the right to amend the Class definitions if discovery and further investigation reveal that the Classes should be expanded or otherwise modified.

55. *Numerosity*. Fed. R. Civ. P. 23(a)(1).  This action has been brought and may properly be maintained as a class action against Defendant under Rules 23(b)(1)(B) and 23(b)(3) of the Federal Rules of Civil Procedure.  While the exact number and identities of other Class Members are unknown to Plaintiff at this time, Plaintiff is informed and believes that there are thousands of Members in the Class. Based on the number of customers who have visited Defendant's California restaurants, it is estimated that the Class is composed of more than the requisite number of persons to sustain an adequate class action.  Furthermore, even if subclasses need to be created for these consumers, it is estimated that each subclass would have hundreds of Members.  The Members of the Class are so numerous that joinder of all Members is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

///

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

56.   *Typicality*: Plaintiff and Class Members' claims are typical of the claims of the Members of the Class as all Members of the Class are similarly affected by Defendant's wrongful conduct, as detailed herein.

57.   *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Members of the Class in that they have no interests antagonistic to those of the other Members of the Class.  Plaintiff has retained experienced and competent counsel.

58.   *Superiority*: A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Since the damages sustained by individual Class Members may be relatively small, the expense and burden of individual litigation makes it impracticable for the Members of the Class to individually seek redress for the wrongful conduct alleged herein.  Furthermore, the adjudication of this controversy through a class action will avoid the potentially inconsistent and conflicting adjudications of the claims asserted herein.  There will be no difficulty in the management of this action as a class action.  If Class treatment of these claims were not available Defendant would likely unfairly receive thousands of dollars or more in improper revenue.

59.   *Common Questions Predominate*: Common questions of law and fact exist as to all Members of the Class and predominate over any questions solely affecting individual Members of the Class.  Among the common questions of law and fact applicable to the Class are:

     i.   Whether Defendant's website, https://www.sageveganbistro.com/, and Mobile App are inaccessible to the visually impaired who use screen reading software to access internet websites;

    ii.   Whether Plaintiff and Class Members have been unable to access https://www.sageveganbistro.com/ and Defendant's Mobile App through the use of screen reading software;

    iii.   Whether the deficiencies in Defendant's website and Mobile App

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

18

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

violate the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 et seq.;

iv. Whether the deficiencies in Defendant's website and Mobile App violate the California Unruh Civil Rights Act, California Civil Code § 51 et seq.;

v. Whether, and to what extent, injunctive relief should be imposed on Defendant to make https://www.sageveganbistro.com/ and Defendant's Mobile App readily accessible to and usable by visually impaired individuals;

vi. Whether Plaintiff and Class Members are entitled to recover statutory damages with respect to Defendant's wrongful conduct; and

vii. Whether further legal and/or equitable relief should be granted by the Court in this action.

60. The class is readily definable and prosecution of this action as a Class action will reduce the possibility of repetitious litigation. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude the maintenance of this matter as a Class action.

61. The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(2) are met, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

62. The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(3) are met, as questions of law or fact common to the Class predominate over any questions affecting only individual Members and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

///

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

63.     The prosecution of separate actions by Members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  Additionally, individual actions may be dispositive of the interest of all Members of the Class although certain Class Members are not parties to such actions.

64.     Defendant's conduct is generally applicable to the Class as a whole and Plaintiff seek, *inter alia*, equitable remedies with respect to the Class as a whole.  As such, Defendant's systematic policies and practices make declaratory relief with respect to the Class as a whole appropriate.

## COUNT I

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181 ET SEQ.

(Against Defendant's Website, on Behalf of Plaintiff,

the Nationwide Class and the California Class)

65.     Plaintiff alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 64, inclusive, of this Complaint as if set forth fully herein.

66.     Section 302(a) of Title III of the ADA, 42 U.S.C. § 12181 *et seq*., provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).

67.     Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate

20

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations"; and "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).  "A public accommodation shall take those steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense." 28 C.F.R. § 36.303(a).  In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability." 28 C.F.R. § 36.303(c)(1)(ii).

68.   Defendant's restaurant locations are "public accommodations" within the meaning of 42 U.S.C. § 12181 *et seq*.  Defendant generates millions of dollars in revenue from the sale of its amenities and services, privileges, advantages and accommodations in California through its locations and related services, privileges, advantages,   and   accommodations,   and   its   website, https://www.sageveganbistro.com/, constitutes a service, privileges advantage and accommodation provided by Defendant that is inaccessible to customers who are visually impaired like Plaintiff.  This inaccessibility denies visually impaired customers full and equal enjoyment of and access to the facilities and services, privileges, advantages, and accommodations that Defendant made available to the

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

non-disabled public.  Defendant is violating the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., in that Defendant denies visually impaired customers the services, privileges, advantages, and accommodations provided by https://www.sageveganbistro.com/.  These violations are ongoing.

69.     Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff requests relief as set forth below.

## COUNT II

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181 ET SEQ.

(Against Defendant's Mobile App, on Behalf of Plaintiff,

the Nationwide Class and the California Class)

70.     Plaintiff alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 69, inclusive, of this Complaint as if set forth fully herein.

71.     Defendant's Mobile App is a service, privilege, or advantage of Defendant's business.  Defendant's Mobile App is a service that is integrated with its physical location(s).

72.     The acts alleged herein constitute violations of Title III of the ADA, and the regulations promulgated thereunder.  Plaintiff, who is a member of a protected class of persons under the ADA, has a physical disability that substantially limits the major life activity of sight within the meaning of 42 U.S.C. §§ 12102(1)(A)-(2)(A).  Plaintiff has been denied full and equal access to Defendant's Mobile App, has not been provided services which are provided to other customers who are not disabled, and has been provided services that are inferior to the services provided to non-disabled persons.  Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct.  These violations are ongoing.

73.     Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff, requests relief as set forth below.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

22

## COUNT III

## VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 ET SEQ.

(Against Defendant's Website, on Behalf of Plaintiff and the California Class)

74.    Plaintiff alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 73, inclusive, of this Complaint as if set forth fully herein.

75.    California Civil Code § 51 *et seq.* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever.   Defendant is systematically violating the UCRA, Civil Code § 51 *et seq.*

76.    Defendant's locations are "business establishments" within the meaning of the California Civil Code § 51 *et seq.* Defendant generates millions of dollars in revenue from the sale of its services in California through its physical locations and related services and https://www.sageveganbistro.com/, is a service provided by Defendant that is inaccessible to customers who are visually impaired like Plaintiff and Class Members.   This inaccessibility denies visually impaired customers full and equal access to Defendant's facilities and services that Defendant makes available to the non-disabled public.   Defendant is violating the Unruh Civil Rights Act, California Civil Code § 51 *et seq.*, in that Defendant is denying visually impaired customers the services provided by https://www.sageveganbistro.com/. These violations are ongoing.

77.    Defendant's actions constitute intentional discrimination against Plaintiff and Class Members on the basis of a disability in violation of the Unruh Civil Rights Act, Cal. Civil Code § 51 *et seq.* in that: Defendant has constructed a website and Mobile App that is inaccessible to Plaintiff and Class Members; maintains the website and Mobile App in this inaccessible form; and has failed to take adequate actions to correct these barriers even after being notified of the

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

23

discrimination that such barriers cause.

78.     Defendant is also violating the Unruh Civil Rights Act, California Civil Code § 51 *et seq*. in that the conduct alleged herein likewise constitutes a violation of various provisions of the ADA, 42 U.S.C. § 12101 *et seq*. Section 51(f) of the California Civil Code provides that a violation of the right of any individual under the ADA shall also constitute a violation of the Unruh Civil Rights Act.

79.     The actions of Defendant were and are in violation of the Unruh Civil Rights Act, California Civil Code § 51 *et seq*.; therefore, Plaintiff and Class Members are entitled to injunctive relief remedying the discrimination.

80.     Plaintiff and Class Members are also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense.

81.     Plaintiff and Class Members are also entitled to reasonable attorneys' fees and costs.

82.     Plaintiff and Class Members are also entitled to a preliminary and permanent injunction enjoining Defendant from violating the Unruh Civil Rights Act, California Civil Code § 51 *et seq*., and requiring Defendant to take the steps necessary to make https://www.sageveganbistro.com/ readily accessible to and usable by visually impaired individuals.

## COUNT IV

## VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 ET SEQ.

(Against Defendant's Mobile App, on Behalf of Plaintiff and the California Class)

83.     Plaintiff alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 82, inclusive, of this Complaint as if set forth fully herein.

84.     Defendant generates millions of dollars in revenue from the sale of goods and services through its Mobile App.  Defendant's Mobile App is a service provided by Defendant that is inaccessible to patrons who are blind or visually

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

24

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

impaired like Plaintiff.  This inaccessibility denies blind and visually impaired patrons full and equal access to the facilities, goods, and services that Defendant makes available to the non-disabled public.  Defendant is violating the UCRA, Civil Code § 51 et seq., by denying visually impaired customers the goods and services provided on its Mobile App. These violations are ongoing.

85.     Defendant's actions constitute intentional discrimination against Plaintiff on the basis of a disability, in violation of the UCRA, Civil Code § 51 *et seq.*, because Defendant has constructed a Mobile App that is inaccessible to Plaintiff, Defendant maintains the Mobile App in an inaccessible form, and Defendant has failed to take actions to correct these barriers.

86.     Defendant is also violating the UCRA, Civil Code § 51 *et seq*. because the conduct alleged herein violates various provisions of the ADA, 42 U.S.C. § 12101 *et seq*., as set forth above. Section 51(f) of the Civil Code provides that a violation of the right of any individual under the ADA also constitutes a violation of the UCRA.

87.     The actions of Defendant violates UCRA, Civil Code § 51 et seq., and Plaintiff and Class Members are therefore entitled to injunctive relief remedying the discrimination.

88.     Plaintiff and Class Members are entitled to statutory minimum damages pursuant to Civil Code § 52 for each and every offense.

89.     Plaintiff and Class Members are also entitled to reasonable attorneys' fees and costs.

90.     Plaintiff and Class Members are also entitled to a preliminary and permanent injunction enjoining Defendant from violating the Unruh Civil Rights Act, California Civil Code § 51 *et seq*., and requiring Defendant to take the steps necessary to make Defendant's Mobile App readily accessible to and usable by visually impaired individuals.

///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

25

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all Class Members, respectfully requests that the Court enter judgment in his favor and against Defendant as follows:

A.     For an Order certifying the Nationwide Class and California Class as defined herein and appointing Plaintiff and his Counsel to represent the Nationwide Class and the California Class;

B.     A preliminary and permanent injunction pursuant to 42 U.S.C. § 12188(a)(1) and (2) and section 52.1 of the California Civil Code enjoining Defendant from violating the Unruh Civil Rights Act, the ADA and requiring Defendant to take the steps necessary to make https://www.sageveganbistro.com/ and Defendant's Mobile App readily accessible to and usable by visually impaired individuals;

C.     An award of statutory minimum damages of $4,000 per offense per person pursuant to section 52(a) of the California Civil Code.

D.     For attorneys' fees and expenses pursuant to California Civil Code §§ 52(a), 52.1(h), and 42 U.S.C. § 12205;

E.     For pre-judgment interest to the extent permitted by law;

F.     For costs of suit; and

G.     For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and all others similarly situated, hereby demands a jury trial for all claims so triable.

///
///
///
///
///

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Dated: June 30, 2022                    Respectfully Submitted,


                                        /s/ *Thiago M. Coelho*
                                        Thiago M. Coelho
                                        Binyamin I. Manoucheri
                                        **WILSHIRE LAW FIRM**
                                        *Attorneys for Plaintiff and*
                                        *Proposed Class*

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL